**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **ARTHUR DAWSON**,<br><br>    Plaintiff,<br><br>vs.<br><br>**BRUCE TELEKY, INC., POSTERAZZI CORP.**, and **BRUCE TELEKY**,<br><br>    Defendants. | Case No. 6:18-cv-1908-Orl-37LRH |

### DEFENDANT BRUCE TELEKY'S MOTION TO COMPEL RESPONSES TO FIRST AND SECOND SETS OF INTERROGATORIES AND MEMORANDUM OF LAW IN SUPPORT OF SAME

Defendant, Bruce Teleky ("Defendant"), pursuant to Federal Rules of Civil Procedure 37, moves to compel Plaintiff Arthur Dawson to respond to Defendant's First and Second Sets of Interrogatories, and in support thereof, states as follows:

### BACKGROUND

On March 13, 2019, Defendant served Plaintiff, through his counsel, his First Set of Interrogatories. On April 5, 2019, Defendant served his Second Set of Interrogatories.

To date, Defendant has received no response to his First or Second Set of Interrogatories. When Defendant's Counsel attempted to contact Plaintiff's Counsel via telephone to confer regarding this matter per the Local Rules, Plaintiff's Counsel was unavailable. Defendant's Counsel left two messages concerning the nature of the call, the first on April 26 and again on May 3. Counsel has failed to return either call or otherwise respond.

The specific interrogatories are:

## FIRST SET OF INTERROGATORIES

**INTERROGATORY 1.**

Please state the complete factual basis for your assertion that the Middle District of Florida enjoys personal jurisdiction over Bruce Teleky.

**INTERROGATORY 2.**

Please state the complete factual basis for your assertion that the Middle District of Florida enjoys personal jurisdiction over Teleky, Inc.

**INTERROGATORY 3.**

Please state the entire factual basis for your assertion that Teleky, Inc. and/or Bruce Teleky made unauthorized copies of any Registered Works.

**INTERROGATORY 4.**

Please identify each Registered Work you contend is infringed by Teleky, Inc. or Bruce Teleky, including where such work was/is publicly displayed, promoted or offered for sale, the date of infringement, the number of infringing uses, and the damages resulting therefrom.

**INTERROGATORY 5.**

Please identify all works of art Dawson sold to Teleky, Inc., including the date of the sale, the name of the work, the number of prints, and price. If business records of such sales are unavailable, please describe the circumstances that led to the loss of such records.

**INTERROGATORY 6.**

Please describe in detail the circumstances surrounding Dawson's alleged discovery that Teleky, Inc. was selling unauthorized copies of the Registered Works and identify the basis upon which Dawson believed these works were unauthorized.

**INTERROGATORY 7.**

Please state the entire factual basis for your assertion that Bruce Teleky has any association or affiliation, financial interest in, or control over Posterazzi and the pre-suit investigation that led to this allegation.

**INTERROGATORY 8.**

Please identify any and all sales of the Registered Works made by Dawson, including the dates of the sales, the pricing, and profit realized by Dawson. If the business records are unavailable, please describe the circumstances that led to the loss of such records.

## SECOND SET OF INTERROGATORIES

**INTERROGATORY 9.**

Separately for each of the Drawings, identify the date, time, location, nature, and method of first publication for each, the Person(s) to whom such publication was made, and any documents that support the date and manner of publication.

**INTERROGATORY 10.**

State whether any of the Drawings is a derivative, different version, or other variation of a prior graphic work or other work of art in any medium ("Prior Work") and, if so, (a) Identify each such Prior Work by title and the Drawing relating thereto, (b) whether the Prior Work was ever published and if so, state the date, time, location, nature, method, and extent of its first publication, and to whom such publication was made, and (c) state whether such Prior Work was the subject of a copyright registration and if so, provide the registration number.

**INTERROGATORY 11.**

Identify each and every museum, art gallery, exhibit, and show (see Complaint, ¶16) in which the Series or the one or more Drawings have ever been "featured" from their date of Publication until now. In doing so, (i) explain what You mean by "featured", (ii) provide the name of the museum, art gallery, exhibit, or show, its location, the dates of each such Featured Showing, and the Series or specific Drawing(s) shown (iii) whether You paid for such Featured Showing or were paid for such Featured Showing and, in either case the amount of each such payment, (iv) how many people (a) attended each such Featured Showing and (b) specifically viewed the Featured Painting(s), and (v) whether You sold any Featured Painting(s) at that Featured Showing and, if so, the amount of money You received from each such sale of each such Featured Painting.

## **MEMORANDUM**

No objections have been asserted and as such, are waived. *Siddiq v. Saudi Arabian Airlines Corp.*, 2011 U.S. Dist. LEXIS 151474 (M.D. Fla. 2011). The purpose of discovery under the Federal Rules is to provide disclosure of relevant information to aid in the ultimate resolution of disputed issues in a civil action. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958); Rule 26(b)(1). The District Court has broad discretion to compel discovery. *Bingham v. Baycare Health Sys.,* 2016 U.S. Dist. LEXIS 127933 (M.D. Fla. 2016). Each of the requests relate defenses or claims asserted and are reasonably proportional to the needs of the case.

Plaintiff has ignored Defendant's First and Second Set of Interrogatories. Plaintiff's responses which were due on or before April 12, and May 6, 2019, respectively. Answers to these Interrogatories are critical to properly prepare the case for trial and secure the evidence necessary to prepare the case for trial and assert defenses. Defendant requests this Court enter an Order to compel Plaintiff to respond to Defendant's First and Second Sets of Interrogatories without objection within ten (10) days, and if he fails to do so, to strike his pleadings and dismiss the case. Defendant also moves for an award of fees incurred in preparing this motion. (Rule 37(d)(3), Fed.R.Civ.P.)

**Local Rule 3.01(g) Certificate**

Counsel for Defendant made two calls to Plaintiff's counsel regarding the relief sought as set forth in detail above, but was unable to reach Plaintiff's counsel and received no return call.

Respectfully submitted May 7, 2019.

/s/Brian R. Gilchrist
Brian R. Gilchrist, FL Bar #774065
bgilchrist@allendyer.com
Ryan T. Santurri, FL Bar #15698
rsanturri@allendyer.com
**ALLEN, DYER, DOPPELT + GILCHRIST, PA**
255 South Orange Ave., Suite 1401
Post Office Box 3791
Orlando, FL  32802-3791
Telephone:    407/841-2330
Facsimile:    407/841-2343

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on May 7, 2019, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all counsel of record and those parties receiving notification through the CM/ECF system, as follows:

**David F Tamaroff**
Morgan & Morgan, P.A.
703 Waterford Way, Suite 1050
Miami, FL 33126
(305) 929-1922
Fax: (305) 929-1941
Email: dtamaroff@forthepeople.com

**Aiman Saleem Farooq**
Morgan & Morgan, PA
Suite 400
600 N Pine Island Rd
Plantation, FL 33324
954-327-3041
Email: afarooq@forthepeople.com

/s/Brian R. Gilchrist
Brian R. Gilchrist, FL Bar #774065