UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARTHUR DAWSON,

    Plaintiff,

vs.

BRUCE TELEKY, INC., POSTERAZZI CORP., and BRUCE TELEKY,

    Defendants.

Case No. 6:18-cv-1908-Orl-37KRS

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
<u>DEFENDANTS' MOTION TO DISMISS</u>**

Plaintiff, Arthur Dawson ("Plaintiff"), hereby files his Opposition to Defendants' Motion and Memorandum of Law to Dismiss Plaintiff's Amended Complaint [DE 56] ("Motion to Dismiss"), and includes the following Memorandum of Law in support thereof.

<u>**MEMORANDUM OF LAW**</u>

**A. This Court has Personal Jurisdiction over Defendants**

"In order to prevail upon a motion contesting personal jurisdiction, Plaintiff need only make a *prima facie* showing that jurisdiction exists." *Prentice v. Prentice Colour, Inc.*, 779 F.Supp. 578, 583 (M.D. Fla. 1991) (citing *DeLong Equipment Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988)). Plaintiff satisfies this burden by presenting "enough evidence to withstand a directed verdict, and the district court must accept facts as alleged in the complaint as true, to the extent they are uncontroverted by defendant's affidavits." *Id*. (citing *Madara v. Hall*,

916 F.2d 1510 (11th Cir. 1990)). Accordingly, the Court "should consider all of the evidence … in the light and with all reasonable inferences most favorable to the party opposing the motion." *Busby v. City of Orlando*, 931 F.2d 774, 777 (11th Cir. 1991) (discussing standard for directed verdict) (quoting *Boing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc)). If evidence exists "that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions," then ruling against personal jurisdiction is improper. *Id*.

Defendants' jurisdictional arguments focus mainly on the claims that: (a) Defendants never maintained any physical facilities or solicit any business is Florida; and (b) the Amended Complaint purportedly does not contain any allegations of infringement in Florida.  However, as explained in detail below: (1) Defendants have waived any jurisdictional arguments because they availed themselves of the judicial resources of this forum and indicated a commitment to engaging and pursuing discovery; (2) they have narrowly interpreted Florida law and long standing precedent concluding that personal jurisdiction is appropriate in this case under Florida's long arm statute; and (3) Plaintiff has provided several allegations showing that Defendants' intentionally availed themselves of the benefits of this jurisdiction.

**1. Defendants have Waived any Challenge to Personal Jurisdiction**

From the onset, Defendants have been significantly involved in litigating this case, proving they have waived any challenges to jurisdiction by their conduct.  In order to determine whether a party has waived its ability to challenge jurisdiction, courts look to the following two factors:

> First, the more time that passes between service of process

> and defendant's motion to dismiss for lack of personal jurisdiction, the more likely courts will find waiver….Second, in addition to the sheer passage of time, courts assessing whether there is a waiver by conduct look to the extent of the objecting defendant's involvement in the action. The more active a defendant has been in litigating a case, the more likely it is that the defendant will be deemed to have waived defects in personal jurisdiction.

*Salinero v. Johnson & Johnson, Inc.*, 2019 WL 2410076, at *3 (S.D. Fla. June 7, 2019); *see also Continental Bank, N.A. v. Meyer,* 10 F.3d 1293, 1297 (7th Cir. 1993) (waiving personal jurisdiction defense where defendants participated in lengthy discovery, filed various motions, and opposed a number of plaintiff's motions, before filing its Rule 12(b)(2) motion).

The court's analysis in *Salinero* is particularly instructive in this case. In *Salinero,* the court held that the defendant had waived its challenge to personal jurisdiction because the defendant, among other things:

- delayed filing its motion to dismiss for six (6) months;
- participated in a case management conference with plaintiffs; and
- issued several requests for discovery and held hearings to address issues with the plaintiff's production.

*Salinero,* 2019 WL 2410076, at *5 (S.D. Fla. June 7, 2019).

The facts in *Salinero* are nearly identical to the facts herein:

- Defendant answered the original Complaint without moving to dismiss on jurisdictional grounds [DE 33];
- Defendants waited eight (8) months (or when they had a chance to take a second crack at the apple upon Plaintiff filing his Amended Complaint) to file the Motion

to Dismiss challenging jurisdiction [DE 56];

- Defendants participated in a case management conference with Plaintiff and submitted a joint report to this Court [DE 39]; and

- Defendants issued several discovery requests and held a hearing to address issues with Plaintiff's response thereto [DE 43, 44].

Therefore, just like in *Salinero,* Defendants have waived any challenges to personal jurisdiction in this matter.

### 2. Personal Jurisdiction is Appropriate under Florida's Long-Arm Statute

Defendants' interpretation of how this Court should apply Florida's long-arm statute is narrowly tailored to fit its purpose, and misinterprets the full extent of Florida law. Indeed, in this case, personal jurisdiction is specifically derived from both Fla Stat. §§ 48.193(1)(a)(2) and (6), which respectively provide for specific personal jurisdiction over persons for causes of action arising out of:

> 2. Committing a tortious act within this state; [and]
> …
> 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>   a. The defendant was engaged in solicitation or service activities within this state; or
>   b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

It is well recognized that Fla. Stat. § 48.193(1)(a)(2), formerly "§ 48.193(b) of the Florida long-arm statute[,] permits jurisdiction over the nonresident defendant who

commits a tort outside of the state that causes injury inside the state." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1216 (11th Cir. 1999)). Copyright infringement is a tortious act, *BUC Int'l Corp. v. Int'l Yach Council Ltd.*, 517 F.3d 1271, 1278 (11th Cir. 2008), and "a person who infringes upon a copyright whose owner resides in Florida causes injury inside the state." *Roof & Rack Prods. V. GYB Investors, LLC*, 13-cv- 80575, 2014 U.S. Dist. LEXIS 92334, at *5 (S.D. Fla. Jul. 8, 2014); *Yellow Pages Photos v. Ziplocal*, 8:12-cv-755-T-26-TBM, 2012 U.S. Dist. LEXIS 100235, at *18 (M.D. Fla. Jul. 19, 2012) ("The situs of the injury in copyright infringement for purposes of personal jurisdiction, has generally been held to be the state where the copyright owner resides."); *cf. Nida Corp. v. Nida*, 118 F.Supp.2d 1223, 1228 (M.D. Fla. 2000) ("Injury from trademark infringement occurs in the state where the trademark owner resides.").

Defendants' reliance on the decisions in *Horizon* and *Milberg* is misguided. Neither of these cases involves copyright infringement through the use of internet media like in the present case – which, as explained above, is an important element of determining jurisdiction. Instead, the only contact alleged in *Horizon* was one instance when the defendant telephonically contacted a Florida-based partnership and electronically accessed its computer files. *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1164 (11th Cir. 2005). Similarly, in *Milberg,* the only alleged contact was a dispute over whether the contract in question was signed in Florida. Unlike the cases relied upon by Defendants, the Amended Complaint explicitly alleges Defendants continuous and intentional contact with Florida. *See* Amend. Compl. at

¶¶10(a)-(c); 11(a)-(d); 29-30.  Therefore, based on the above, because Plaintiff, the copyright owner, resides in Florida, Defendants' infringement has caused injury in Florida, and jurisdiction applies pursuant to Fla. Stat. §48.193(1)(a)(2).

### 3. The Amended Complaint Sufficiently Alleges Defendants' Minimum Contacts with Florida

Defendants' suggestion that this Court lacks specific jurisdiction in this matter because Defendants "have no records suggesting the allegedly infringing prints were ever sold in Florida," once again misapplies Florida law.  Specifically, in Florida, the "effects" test is applied in intentional tort cases such as this.  *Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1323 (M.D. Fla. 2010).  Under this test, a defendant must have "(1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated." *Id.* ("Applying the test to intentional tort cases is justified by the fact that states have a special interest in exercising jurisdiction over those who commit intentional torts causing injury to their residents").  With respect to the first element, "[i]ntellectual property infringement constitutes an intentional tort if the infringement is undertaken with the purpose of making money." *Id.*  As for the second element, "a defendant's tortious act is aimed at the forum state, if it is directed at a resident of the forum." *Id.*  Lastly, the third element is satisfied if "the tort cause[s] an injury within the forum that the defendant should have reasonably anticipated is also met." *Id.*

The court's analysis in *Smith* is instructive here.  In *Smith,* the defendant, who had no physical presence in Florida other than through his website, offered one of plaintiff's copyrighted works for sale on his website, infringing on the plaintiff's rights.  *Id.* at 1318.

The court determined that the plaintiff's amended complaint satisfied the access test because:

- First element: defendant's conduct was intentional because it sold plaintiff's copyrighted work through its website;

- Second element: the defendant directly aimed it conduct to Florida because plaintiff's amended complaint alleged that:

    o The plaintiff's copyrighted work was registered with the U.S. Copyright Office;
    o The defendant was on notice of its infringement since the defendant's president, was named as a defendant in the case;
    o The defendant continued to engage in the averred infringement; and
    o The defendant perpetrated the copyright infringement in reckless disregard of the plaintiff's rights or, alternatively, that it did so maliciously.

- Third element: the third element was satisfied because, by offering the plaintiff's work for sale on its website, the defendant deprived the plaintiff the opportunity to profit from its protected work.

*Id.* at 1324.

The facts in *Smith* are nearly identical to the facts herein. Specifically:

- First element: Defendants sold Plaintiff's copyrighted works through their website and other internet pages;

- Second element: Just like in *Smith,* the Amended Complaint alleges that:

    o Plaintiff's works are registered with the U.S. Copyright Office. *See* Amend. Compl. at ¶18;
    o Defendants are and have been on notice of their infringement since the filing of this suit;
    o Defendants continue to infringe on Plaintiff's copyright. *See Id.* at ¶77; and
    o Defendants perpetrated the copyright infringement willfully *See Id.* at ¶¶76,93,103,114.

- <u>Third element</u>: Defendants sold Plaintiffs' copyrighted works on their website, thereby depriving him of the opportunity to profit from its protected work.

Indeed, based on the above, Plaintiff has sufficiently satisfied the access test.

Lastly, Defendants suggest that Plaintiff has made several admissions in this case, some of which include that Defendants purportedly had no contact with Florida. *See* Mot. To Dismiss at pp. 8-9. These purported "admissions," however, are a mere technicality because they were admitted by default when Plaintiff was not able to answer Defendants' Request for Admissions within the stated deadline. Nonetheless, any default admissions should be disregarded because Defendants have repeatedly sought, and will receive, Plaintiff's actual responses to Defendant's Request for Admissions shortly upon the filing of this response, which will supersede these default "admissions."

### B. Plaintiff has Satisfied all of the Pleading Requirements

A complaint must merely provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "[All] a complaint must contain [is] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678 (quoting *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In determining whether a complaint survives a motion to dismiss under Rule 12(b)(6), "courts must consider the "complaint in its entirety, as well as other sources …, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007) (citing 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007)). And, courts must do so "accepting the facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Elmore v. Fulton Cnty. Sch. Dist.*, 605 Fed.Appx. 906, 909 (11th Cir. 2015) (citing *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

A complaint "need not include 'detailed factual allegations.'" *Rodriguez-Vives v. P.R. Firefighters Corps of P.R.*, 743 F.3d 278, 283 (1st Cir. 2014) (quoting *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013)). Rather, "it is only necessary that the allegation in [the] complaint 'raise a reasonable expectation that discovery will reveal evidence' corroborating [plaintiff's] claims." *Ash v. Royal Caribbean Cruises Ltd.*, 2014 U.S. Dist. LEXIS 164691, at *12 (S.D. Fla. Nov. 25, 2014) (quoting *Twombly*, 550 U.S. at 556, 570); *see also Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (same). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citations omitted).

### 1. Plaintiff has Sufficiently Alleged Direct Copyright Infringement Against BTI and Teleky

A *prima facia* case of copyright infringement only requires the proof of two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *see also Peter Letterese & Assocs. V. World Inst. Of Scientology Enters.*, 533 F.3d 1287, 1300 (11th Cir. 2008); 4 Melville B. Nimmer and David Nimmer, Nimmer on Copyright § 13.01 (Matthew Bender, Rev. Ed.). As used in the previous sentence, the term "copying" is "shorthand to refer to the infringement of a copyright holder's exclusive rights under a copyright." *Dream Custom Homes, Inc. v. Modern Day Constr., Inc.*, 773 F.Supp.2d 1288, 1299 (M.D. Fla. 2011) (quoting *Country Kids 'N City Slickers, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996)); *see also Gwynn v. Rabco Leasing, Inc.*, 2010 U.S. Dist. LEXIS 45215, at *15 (M.D. Fla. Apr. 2, 2010) ("Copying occurs when either a person or an entity exercises without authorization any of the copyright owner's exclusive rights."); 4 Nimmer §§ 8.02[A], 13.01 n.4. Additionally, "although [17 U.S.C.] § 411(a)'s registration requirement [for United States works] is not jurisdictional, it nevertheless amount to 'a precondition to filing a claim'" of copyright infringement. *Dowbenko v. Google Inc.*, 582 F.App'x 801, 805 (11th Cir. 2014).

Defendants' suggestion that claims for copyright infringement are subject to a heightened pleading requirement does not comport with the liberal pleading requirements found in the Federal Rules of Civil Procedure, and has been routinely rejected by courts in the Eleventh Circuit and other jurisdictions. *See, e.g.*, *Klein &*

*Heuchan, Inc. v. Costar Realty Info., Inc.*, No. 8:08-cv-1227-T-30EAJ, 2009 U.S. Dist. LEXIS 35025, at *6 (M.D. Fla. Apr. 8, 2009) (rejecting contention that plaintiff must plead "by what acts and during what time frame" the defendant infringed on the copyright); *Stripteaser, Inc. v. Strike Point Tacke, LLC*, No. 13-cv-62742-CMA, 2014 U.S. Dist. LEXIS 28091, at *8-9 (S.D. Fla. Mar. 5, 2014) (same); *John Wiley & Sons, Inc. v. Golden*, No. 14-cv-942-AET, 2015 U.S. Dist. LEXIS 19558, at *21-23 (D.N.J. Feb. 19, 2015); Arista *Records LLC v. Greubel*, 435 F.Supp.2d 961, 964 (N.D. Tex. 2006) (same); see also *Mid Am. Title Co. v. Kirk*, 991 F.2d 417, 421 (7th Cir. 1993) (rejecting heightened pleading requirement for copyright infringement), *cert. denied*, 510 U.S. 932 (1993); *Geophysical Serv. v. ConocoPhillips Co.*, No. 15-cv-2766-H, 2016 U.S. Dist. LEXIS 63231, at *37 n.7 (S.D. Tex. May 13, 2016) ("There is not a heightened pleading standard for copyright infringement claims.").

The Amended Complaint undoubtedly contains sufficient factual matter to establish the plausibility that Plaintiff owns the valid copyrights to Artworks-in-Suit that are the subject of this litigation and that they were registered with the U.S. Copyright Office prior to the commencement of this litigation. Indeed, it alleges that:

- Plaintiff is the registered owner of the copyrights to the original artwork set forth in Exhibit A (the "Artwork-in-Suit");
- Dawson is the author of the Artwork-in-Suit;
- At all times, Dawson has been the sole owner of the copyrights to the Artwork-in Suit; and
- The Artwork-in-Suit were registered with the United States Copyright Office, and are the subjects of Certificate of Registration number VA 596-622 (the "'622 Registration")…, with the effective registration date of December 13, 1993;

*See* Amend. Compl. at ¶¶2,15,17,18. Exhibit A of the Amended Complaint contains a

copy of each of the Artworks-in-Suit, along with each artwork's respective title, title of copyright registration, alternative title of copyright registration (if any), and registration number. *See Id.* at Ex A. Exhibit B of the Amended Complaint contains a copy of the Certificate of Registration that was issued by the U.S. Copyright office for each of the Artworks-in-Suit prior to the commencement of this litigation. *See Id.* at Ex. B.

The Amended Complaint also contains sufficient allegations to establish that the Defendants infringed on Plaintiff's exclusive copyrights to the Artworks-in-Suit. Specifically, the Amended Complaint alleges that:

- Beginning around March 2016, Plaintiff searched his name in Google and, in the search results, discovered listings of prints of the Artwork-in-Suit on the BTI Website and the websites of various third-parties (the "TPI"), including www.artprints.com, www.pricefalls.com, www.posterazzi.com, www.newegg.com, www.massgenie.com, www.prints.com, www.barewalls.com, www.walmart.com, and Google Shopping.

- Specifically, the BTI Website displayed a copy of Conversations at the Mensroom and offered prints of it for sale and distribution.

- The BTI Website indicated that BTI had sold out of copies of Field of Purple.

- Upon information and belief, through the BTI Website, BTI had displayed copies of, offered for sale, sold, and distributed copies of the Artwork-in-Suit.

- Upon information and belief, Bruce Teleky was and continues to be the moving force behind BTI's direct and contributory infringement of Dawson's copyrights to the Artwork-in-Suit.

- Specifically, upon information and belief, Bruce Teleky has and continues to personally order, direct, and/or participate in BTI's efforts to, directly and/or through the TPIs, reproduce the Artwork-in-Suit in copies, publicly display copies of the Artwork-in-Suit, and/or distribute

copies of the Artwork-in-Suit to the public.

*See Id.* at ¶¶44-47,60-61. Clearly, the Amended Complaint sets forth a *prima facie* case for copyright infringement. It certainly apprises Defendants of the facts upon which Plaintiff's claim is based – Defendants' unauthorized use of the Artwork-in-Suit on its websites and social media pages. The Amended Complaint also identifies Defendants' websites and social media pages and identifies the Artwork-in-Suit being displayed therein. *See Id.* at 27,44. This is sufficient to notify Defendants as to the type of infringing conduct and the source of the claims. Further details will, no doubt, be elicited during the discovery stage of litigation.

### 2. The Artwork-in-Suit is Subject to a Valid Registration

A "[c]opyright inheres in authorship and exists whether or not it is ever registered. The Copyright Act makes clear that registration is a separate issue from the existence of the copyright itself." *Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc.*, 29 F.3d 1529, 1531 (11th Cir. 1994). "Certainly, if registration does not confer copyright, neither can erroneous registration take it away. Copyright ownership and the effect of mistaken copyright registration are separate and distinct issues." *Id.* at 1531.

The Plaintiff's Registration constitutes prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410. While a copyright registration is a prerequisite to filing an infringement action, *see* 17 U.S.C. § 411(a), in some instances, inaccuracies can invalidate a registration, thus voiding compliance with this prerequisite. 17 U.S.C. § 411(b) provides:

> A certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains any inaccurate information, unless—

>   (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and
>
>   (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.
>
>   (2) In any case in which inaccurate information described under paragraph (1) is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration.

Indeed, in the Eleventh Circuit the law is clear and well settled that "there must be a showing of scienter in order to invalidate a copyright registration." *Roberts v. Gordy,* 877 F.3d 1024, 1040-41 (11th Cir. 2017); *see also Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 828 ("While ... omissions or misrepresentations in a copyright application can render the registration invalid, a common element among them has been intentional or purposeful concealment of relevant information. Where this element of 'scienter' is lacking, courts generally have upheld the copyright."); *Donald Frederick Evans & Assocs., Inc. v. Cont'l Homes, Inc.*, 785 F.2d 897, 904 (11th Cir. 1986) *Donald Frederick Evans*, 785 F.2d at 904; <u>St. Luke's Cataract & Laser Inst., P.A. v. Sanderson</u>, 573 F.3d 1186, 1201 (11th Cir. 2009) ("Omissions or misrepresentations in a copyright application can render the registration invalid where there has been intentional or purposeful concealment of relevant information. Thus, there must be a showing of scienter in order to invalidate a copyright registration.") (internal citations omitted).

"Therefore, in order to invalidate a registration, (1) the application must contain inaccuracies, (2) the inaccuracies must be material, and (3) the applicant must have the required scienter of intentional or purposeful concealment." *Roberts v. Gordy,* 877 F.3d 1031. Here, Defendants have neither alleged, nor even implied, the scienter necessary to invalidate Plaintiff's registration.

### 3. Plaintiff has Alleged Access and Copying

Defendants' claim that Plaintiff failed to provide examples of Defendants' infringement or provide a copy of the infringed work for comparison are patently false. As explained above, the Amended Complaint specifically alleged that:

- Beginning around March 2016, Plaintiff searched his name in Google and, in the search results, discovered listings of prints of the Artwork-in-Suit on the BTI Website and the websites of various third-parties (the "TPI"), including www.artprints.com, www.pricefalls.com, www.posterazzi.com, www.newegg.com, www.massgenie.com, www.prints.com, www.barewalls.com, www.walmart.com, and Google Shopping.
- Specifically, the BTI Website displayed a copy of Conversations at the Mensroom and offered prints of it for sale and distribution.
- The BTI Website indicated that BTI had sold out of copies of Field of Purple.

*Id.* at 44-45. Additionally, Defendants surely have access to their own websites that contain the infringed works. Certainly, Defendants can compare them to each of the Artworks-in-Suit identified in Exhibit A to the Amended Complaint in order to ascertain that they have, in fact, infringed on Plaintiff's copyright.

### 4. Plaintiff has Properly Alleged Willful Infringement

Defendants' claim that Plaintiff has failed to allege that their actions were willful or that they were on notice of their infringement is without merit. Indeed, the Amended Complaint contains several allegations that Defendants knew that they did not have the right to reproduce the Artwork-in-Suit, but did so anyway:

- Dawson did not license any of his artwork to Defendants for further reproduction.
- Dawson did not grant a license, authorize, permit, or consent to Bruce Teleky or BTI reproducing any of his artwork in copies (including both by print and electronic means).
- Dawson did not sell prints of the Artwork-in-Suit to Bruce Teleky or BTI.
- Dawson did not grant a license, authorize, permit, or consent to Bruce Teleky or BTI reproducing the Artwork-in-Suit in copies (including both by print and electronic means), or the subsequent public distribution or display of such copies of the Artwork-in-Suit.
- Beginning around March 2016, Plaintiff searched his name in Google and, in the search results, discovered listings of prints of the Artwork-in-Suit on the BTI Website and the websites of various third-parties (the "TPI"), including www.artprints.com, www.pricefalls.com, www.posterazzi.com, www.newegg.com, www.massgenie.com, www.prints.com, www.barewalls.com, www.walmart.com, and Google Shopping.
- Specifically, the BTI Website displayed a copy of Conversations at the Mensroom and offered prints of it for sale and distribution.
- The BTI Website indicated that BTI had sold out of copies of Field of Purple.
- Upon information and belief, through the BTI Website, BTI had displayed copies of, offered for sale, sold, and distributed copies of the Artwork-in-Suit.
- Upon information and belief, Bruce Teleky was and continues to be the moving force behind BTI's direct and contributory infringement of Dawson's copyrights to the Artwork-in-Suit.

*Id.* at 37-39, 44-46.

### 5. Plaintiff's Contributory and Vicarious Claims are Properly Pled

Defendants' suggestion that the Amended Complaint purportedly fails to provide any allegations showing to support Plaintiff's claims for contributory and vicarious liability is baseless. In order to allege contributory copyright infringement, "a plaintiff

must show that one 'with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another.'" *GlobalOptions Servs., Inc. v. N. Am. Training Grp., Inc.*, 131 F. Supp. 3d 1291, 1299 (M.D. Fla. 2015). Similarly, in order to properly allege vicarious copyright infringement, "a plaintiff must show that 'the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer." *Id.*

In the present case, the Amended Complaint makes several allegations showing that Defendants materially caused and benefitted from third parties' direct infringement of Plaintiff's copyright:

- Upon information and belief, BTI is one of the distributors from which Posterazzi Corp. ("Posterazzi") and/or other [third parties] purchase prints for resale, and that the sales of those prints are directly fulfilled (e.g. shipped) by BTI.
- Plaintiff never sold copies of Artwork-in-Suit to the [third parties] or licensed the [third parties] to reproduce, display, or distribute the Artwork-in-Suit.
- Upon information and belief, Bruce Teleky was and continues to be the moving force behind BTI's direct and contributory infringement of Dawson's copyrights to the Artwork-in-Suit.
- Specifically, upon information and belief, Bruce Teleky has and continues to personally order, direct, and/or participate in BTI's efforts to, directly and/or through the [third parties], reproduce the Artwork-in-Suit in copies, publicly display copies of the Artwork-in-Suit, and/or distribute copies of the Artwork-in-Suit to the public.
- Upon information and belief, Bruce Teleky financially benefited from BTI's direct and/or contributory infringements of Dawson's copyrights to the Artwork-in-Suit.

*See* Amend. Compl. at ¶¶54-55,60-62. Indeed, Plaintiff has satisfied all of the necessary requirements and its vicarious and contributory infringement claims are sufficient.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter an order DENYING Defendants' Motion to Dismiss and GRANTING Plaintiff all other just and equitable relief deemed appropriate.

Dated: August 16, 2019.

> *Respectfully submitted*,
>
> /s/ David F. Tamaroff            .
> David F. Tamaroff, Esq.
> Fla. Bar No. 92084
> Aiman Farooq, Esq.
> Fla. Bar No. 0106351
> **Morgan & Morgan, P.A.**
> 703 Waterford Way, Suite 1050
> Miami, FL 33126
> (P): 305-929-1922
> (F): 305-929-1941
> dtamaroff@forthepeople.com
> afarooq@forthepeople.com
> *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on August 16, 2019, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all counsel of record and those parties receiving notification through the CM/ECF system.

> */s/ David Tamaroff*
> David F. Tamaroff, Esq.