UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARTHUR DAWSON,

      Plaintiff,

v.                                                                Case No. 6:18-cv-1908-ORL37LRH

BRUCE TELEKY, INC.; and BRUCE
TELEKY,

      Defendants.

_____

## <u>ORDER</u>

In this copyright action, Defendants move to dismiss Plaintiff's Amended
Complaint (Doc. 52 ("**Amended Complaint**")) under Federal Rules of Civil Procedure
12(b)(2) and 12(b)(6). (Doc. 56 ("**Motion**").) Plaintiff opposes. (Doc. 59.) On review, the
Motion is granted for lack of personal jurisdiction under 12(b)(2).

## I.    BACKGROUND

Plaintiff Arthur Dawson ("**Dawson**"), an artist, alleges that he is the author of four
prints ("**Artwork-in-Suit**") that he registered with the United States Copyright Office in
1993. (Doc. 52, ¶¶ 15–18; Doc. 52-1; Doc. 52-2.) Artwork-in-Suit includes four vibrant
prints titled: "Sidewalk Session," "Conversation at the Mensroom," "Field of Purple,"
and "Ten O'Clock Mail." (Doc. 52-1.) Defendant Bruce Teleky ("**Teleky**") is an art
distributor and owner of co-Defendant Bruce Teleky, Inc. ("**BTI**"), a distributor of art
prints. (Doc. 52, ¶¶ 20–24; Doc. 56-1, ¶ 1.) During the late 1990s or early 2000s, Dawson
sold Defendants a limited number of his prints for resale, which did not include the

1

Artwork-in-Suit. (Doc. 52, ¶¶ 35, 38.) More than a decade later, around March 2016, Dawson searched his name in Google and found listings of the Artwork-in-Suit on Defendants' website as well as various third-party websites. (*Id.* ¶ 44.) Defendants' website advertised "Conversations at the Mensroom" for sale and indicated that "Field of Purple" was sold out. (*Id.* ¶¶ 45, 46.)

On November 6, 2018, Dawson sued Defendants alleging copyright violations (Doc. 1), later amending his complaint (Doc. 52). Dawson's claims are: (1) direct copyright infringement against BTI; (2) contributory copyright infringement against BTI; (3) contributory copyright infringement against Teleky; and (4) vicarious copyright infringement against Teleky. (Doc. 52.) Defendants move to dismiss the Amended Complaint, arguing the Court lacks personal jurisdiction over Defendants and Dawson has failed to state a claim upon which relief can be granted. (Doc. 56.) With Dawson's response (Doc. 59), the Motion is ripe.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(2) provides the mechanism for challenging a complaint for lack of personal jurisdiction. "The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002) (citation omitted); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999). If unrefuted, the Court accepts the well-pled facts as true. *See Posner*, 178 F.3d at 1215. But if "the defendant submits affidavits to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the

defendant is not subject to jurisdiction." *Meier*, 288 F.3d at 1269 (citing *Posner*, 178 F.3d at 1215). Should the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, a court "must construe all reasonable inferences in favor of the plaintiff." *Id.* (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).[1]

## III.   DISCUSSION

At issue is whether the Court has personal jurisdiction over the nonresident Defendants. Dawson says yes because (1) Defendants have waived any challenge to personal jurisdiction; (2) jurisdiction is appropriate under Florida's long arm statute; and (3) Defendants have minimum contacts with Florida. (Doc. 59, pp. 2–8.) Defendants say no because Dawson does not have factual support for his allegations, especially given his admission of facts. (Doc. 56, pp. 3–9.)  On review, the Court cannot exercise personal jurisdiction over Defendants.

"A federal district court . . . may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution." *Meir*, 288 F.3d at 1269 (citations omitted). "The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis." *Madara*, 916 F.2d at 1514 (citations omitted). First, there must be a basis for jurisdiction under Florida's long-arm statute, which confers either general or specific personal jurisdiction over the nonresident. *Id.* at 1514, 1516 n.7 (citations omitted); *see* Fla. Stat. § 48.193. Second,

---

[1] As the Court is granting the Motion for lack of personal jurisdiction, the Court cannot reach the merits of Defendants' 12(b)(6) argument. *See Madara*, 916 F.2d at 1513–14.

exercising personal jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment so "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Madara*, 916 F.2d at 1514 (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)). After addressing Dawson's waiver argument and Defendants' allegation of admitted facts, the Court will finally turn to Florida's long-arm statute.

### A.    Waiving Personal Jurisdiction

Dawson first contends Defendants have waived any challenges to personal jurisdiction by litigating this case. (Doc. 59, pp. 2–4.) Unlike subject matter jurisdiction, personal jurisdiction can be waived if a defendant doesn't raise personal jurisdiction as an issue in either a responsive pleading or a Rule 12 motion. Fed. R. Civ. P. 12(b)(2), (h); *see also Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1365 (11th Cir. 2006). Here, Defendants preserved personal jurisdiction as an affirmative defense by raising it in their answer. (Doc. 33, p. 14.); *see* Fed. R. Civ. P. 12(b)(2), (h). But personal jurisdiction can also be implicitly waived if Defendants "substantially participate[d] in the litigation without actively pursuing its Rule 12(b)(2) defense." *Salinero v. Johnson & Johnson, Inc.*, No. 18-CIV-23643-RAR, 2019 WL 2410076, at *2 (S.D. Fla. June 7, 2019) (quoting *Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1223 (S.D. Ala. 2006)).[2] The Eleventh Circuit has provided limited guidance on this type of waiver, but other

---

[2] While unpublished opinions are not binding precedent, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

courts look to the time between service and the defendant's 12(b)(2) motion and the extent of the defendant's involvement in the litigation. *See Matthews*, 431 F. Supp. 2d at 1224–25; *Salinero*, 2019 WL 2410076, at *2–5; *see also Brokerwood Int'l (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 379–80 (5th Cir. 2004); *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2d Cir. 1999); *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1296–97 (7th Cir. 1993); *Yeldell v. Tutt*, 913 F.2d 533, 538–39 (8th Cir. 1990); *Plunkett v. Valhalla Inv. Servs., Inc.*, 409 F. Supp. 2d 39, 41–42 (D. Mass. 2006) (citing *Hamilton*, 197 F.3d at 62).

Defendants' delay in moving to dismiss does not support finding an implicit waiver of personal jurisdiction. Dawson served Defendants on November 16, 2018, and they answered raising personal jurisdiction as an affirmative defense. (Docs. 10, 33.) Dawson filed his Amended Complaint on July 15, 2019 and fifteen days later, Defendants moved to dismiss. (Docs. 52, 56.) While Defendants' eight-month delay is significant (Docs. 33, 56), it does not reach the extraordinary length that courts have determined waives personal jurisdiction. *See Salinero*, 2019 WL 2410076, at *4 (finding a six-month delay did not support finding a waiver of personal jurisdiction); *McCarthy v. Yamaha Motor Mfg. Corp.*, 994 F. Supp. 2d 1318, 1322 (N.D. Ga. 2014) (finding a seven-month delay did not waive personal jurisdiction); *Brokerwood*, 104 F. App'x at 380–81 (finding district court erred in holding the defendant waived personal jurisdiction where the defendant waited seven months before moving to dismiss); *cf. Hamilton*, 197 F.3d at 62 (finding the defendant waived personal jurisdiction four years after answer); *Continental Bank*, 10 F.3d at 1297 (finding the defendants waived personal jurisdiction two-and-a-half years after answer).

Defendants' litigation activity doesn't indicate a waiver either. Since serving their answer, Defendants have participated in some discovery, filing two motions to compel and attending a telephonic hearing on the matter. (Docs. 43–49.) Defendants also participated in a case management conference. (Docs. 30, 39.) But this conduct falls short of the substantial participation necessary to waive personal jurisdiction. *See Brokerwood*, 104 F. App'x at 380 (finding participating in a scheduling conference, providing initial disclosures, moving to strike the jury demand, and filing requests for production did not waive personal jurisdiction). Defendants have not engaged in extensive discovery or substantial motions practice. *Cf. Continental Bank*, 10 F.3d at 1297 (finding the defendants waived personal jurisdiction where they participated in lengthy discovery, filed various motions, and opposed a number of motions); *Plunkett*, 409 F. Supp. 2d at 42 (finding the defendants waived personal jurisdiction where they participated in a scheduling conference, conducted discovery, consented to alternative dispute resolution, entered into a stipulation and protective order with the plaintiff, and moved to appear *pro hac vice*). Nor did they wait until trial to move for dismissal. *Cf. Yeldell*, 913 F.2d at 539 (finding the defendants waived personal jurisdiction where they participated in discovery and a five-day trial); *Schwartz v. M/V. Gulf Supplier*, 116 F. Supp. 2d 831, 835 (S.D. Tex. 2000) (finding the defendant waived personal jurisdiction by moving to dismiss two months before trial after extensive pretrial activity).

Dawson compares this case to *Salinero* to argue Defendants waived personal jurisdiction (Doc. 59, pp. 2–4), but *Salinero* is distinguishable. 2019 WL 2410076. Dawson is correct that the period of delay is similar, sixth months in *Salinero* and eight months

here, but the court in *Salinero* explicitly stated "the period of inaction exhibited by [the defendant] does not support a finding of waiver." *Salinero*, 2019 WL 2410076, at *4. Turning to conduct, both the defendant in *Salinero* and Defendants here participated in a case management conference, but in *Salinero*, the defendant also stipulated to a protective order, filed a notice indicating it was going to take *seven* depositions, filed an expedited motion to submit the plaintiff to a physical examination, and set *four* discovery hearings. *Id.* at *5; (Docs. 30, 39). Defendants here filed two motions to compel Dawson to answer their discovery requests and participated in one hearing on the matter. (Docs. 43, 44, 49.) Defendants' activity in this case pales in comparison to the substantial participation in *Salinero*. 2019 WL 2410076, at * 5; (*see* Docs. 30, 39, 43, 44, 49). Defendants have not waived personal jurisdiction.

### B.    Admitted Facts

Next, the Court must address Dawson's admission of facts, as they affect the personal jurisdiction analysis. (*See* Doc. 56-2.) Defendants served their First Request for Admissions ("**Request**") on March 13, 2019. (*See* Doc. 56, p. 9 n.2.) It is undisputed that as of August 16, 2019, Dawson had not responded to Defendants' Request. (Doc. 59, p. 8; Doc. 56, p. 9 n.2.) This is not the first time Dawson failed to answer Defendants' discovery requests. Dawson did not answer Defendants' requests for interrogatories and production until after Defendants moved to compel answers. (Docs. 44–45.) U.S. Magistrate Judge Leslie R. Hoffman decided not to impose sanctions on Dawson for this failure, but she was clear that it is inappropriate for Dawson to wait for motions to compel to answer discovery. (Docs. 50, 51.) Against this history, it defies logic that Dawson would

wait for Defendants to bring up the Request in their Motion before providing his response. (*See* Doc. 56, p. 9, n.2; Doc. 59, p. 8.) Dawson alleged he would answer the Request "shortly upon filing of this [Motion to Dismiss] response." (Doc. 59, p. 8.) But it's too late.

Under Federal Rule of Civil Procedure 36(a)(3), a party has thirty days upon being served with a request for admission to respond or the matters in the request are deemed admitted. The rule is self-executing. *McFadden v. Fla. Foreclosure Attorneys, PLLC*, No. 8:13-cv-2501-T-35EAJ, 2014 WL 12625109, at *1 (M.D. Fla. Sept. 2, 2014). It is undisputed that Dawson failed to respond to the Request within thirty days, thus the facts are admitted. (Doc. 56, p. 9 n.2; Doc. 59, p. 8); *see* Fed. R. Civ. P. 36(a)(3). As Defendants pointed out, Dawson could have moved the court to withdraw or amend the admissions. (Doc. 56, p. 9 n. 2); Fed. R. Civ. P. 36(b). To date, Dawson has not done so. Instead, Dawson claims the Court should disregard the admissions because Dawson will give responses to Defendants soon which will "supersede these default 'admissions.'" (Doc. 59, p. 8.) Unfortunately for Dawson, that is not how the rules work. *See Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, No. 7-CV-2077, 2008 WL 2246960, at *10 (C.D. Ill. May 29, 2008) (finding a request to withdraw admissions in a response to a motion impermissible because the party needed to file a motion under Rule 36(b)). Dawson must move the Court to amend his admissions, which he has not done, and so the matters admitted are "conclusively established." Fed. Riv. Civ. P. 36(b).

This discovery failure is a fatal flaw for Dawson's suit. Dawson has admitted to

the following:

- The term "Registered Works" refers to any registered copyright work you contend Teleky, Inc., or Bruce Teleky infringes or has infringed.
- Bruce Teleky, Inc. has not distributed any of Dawson's Registered Works within the State of Florida.
- Dawson sold authorized copies of the Registered Works to Bruce Teleky, Inc.
- Bruce Teleky, Inc. has the right to publicly display, sell or promote works of art sold to it by Dawson.
- Bruce Teleky did not reproduce any of Dawson's Registered Works.
- Bruce Teleky, Inc. did not reproduce any of Dawson's Registered Works.
- Bruce Teleky, Inc. does not specifically advertise and promote the Bruce Teleky, Inc. website to residents of the State of Florida.
- All sales of the Registered Works by Bruce Teleky, Inc. were authorized by Dawson.

(Doc. 56-2.) The Court did not consider the purported admissions that established legal conclusions, such as "[t]he Middle District of Florida does not enjoy personal jurisdiction over Bruce Teleky, Inc.," since Defendants could only request admissions of facts. (Doc. 56-2, p. 3); *see* Fed. R. Civ. P. 36(a)(1); *In re Tobkin*, 578 F. App'x 962, 964 (11th Cir. 2014.)

## C. Florida Long-Arm Statute

With these admitted facts, the Court turns to the first step of the personal jurisdiction analysis—the Florida long-arm statute. *See Madara*, 916 F.2d at 1514. Florida's long-arm statute "provides for both specific and general jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (citing Fla. Stat. § 48.193(1)–(2)). "General personal jurisdiction exists when a defendant 'is engaged in substantial and not isolated activity within this state . . . whether or not the claim arises from that activity.'" *Id.* (quoting Fla. Stat. § 48.193(2)). The reach of general jurisdiction under Florida's long-arm statute extends to the limits of the Due Process Clause of the

Fourteenth Amendment. *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010) (citation omitted). For general jurisdiction, Defendants' conduct must be "continuous and systematic." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). Defendants argue, and Dawson does not seem to dispute that the Court does not have general jurisdiction over Defendants. (Doc. 56, pp. 4–6; Doc. 59.)

For an individual, "general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Domicile is established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Teleky is a resident of New York. (Doc. 52, ¶¶ 5–7.) He owns a condominium in Florida that he bought for his mother who passed, but he does not live there. (Doc. 56-1, ¶ 4.) Teleky is not domiciled in Florida and so the Court cannot exercise general jurisdiction over him.

For a corporation, general jurisdiction is where the corporation is "at home" such as its place of incorporation or principal place of business. *Goodyear*, 564 U.S. at 924. BTI is a New York Corporation with its principal office in New Jersey. (Doc. 52, ¶ 5.) BTI does not have any offices, facilities, employees, representatives or bank accounts in Florida. (Doc. 56-1, ¶¶ 2, 3.) Dawson alleged Defendants engaged in substantial activity within Florida and Florida residents account for a substantial portion of BTI's sales (Doc. 52, ¶¶ 10, 11, 33), but Teleky's affidavit states BTI's total sales in Florida over the past several years has been less than 1.9% of its total sales (Doc. 56-1, ¶ 7). Far from refuting Teleky's affidavit, Dawson admits that Defendants do not engage in substantial business in Florida. (Doc. 56-2, pp. 3, 4.) BTI's limited activity in Florida is not substantial enough to

make it "at home" in Florida and to confer general jurisdiction. *See Goodyear*, 564 U.S. at 924; *Fraser, P.A.*, 594 F.3d at 846–47. Thus, the Court cannot exercise general jurisdiction over Defendants.

This leaves specific jurisdiction. Specific jurisdiction "authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida and concerns a nonresident defendant's contacts with Florida only as those contacts related to the plaintiff's cause of action." *Louis Vuitton*, 736 F.3d at 1352 (citation omitted). "In Florida, before a court addresses the question of whether specific jurisdiction exists under the long-arm statute, the court must determine 'whether the allegations of the complaint state a cause of action.'" *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 808 (11th Cir. 2010) (quoting *Wendt*, 822 So. 2d at 1260). Since Dawson is basing Defendants' personal jurisdiction on their tortious conduct, he must adequately allege a tort. (Doc. 59, pp. 4–5); *see 8100 R.R. Ave. Realty Tr. v. R.W. Tanswill Const. Co.*, 638 So.2d 149, 150–51 (Fla. 4th DCA 1994). But Dawson's admissions make it clear he does not have a claim. (*See* Doc. 56-2); *see also Lincoln Diagnostics, Inc.*, 2008 WL 2246960, at *10 (holding admitted facts can be used to determine personal jurisdiction for a motion to dismiss).

To show copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) the defendant copied protected elements of the copyright. *See Peter Leterese and Assocs., Inc. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1300 (11th Cir. 2008). Dawson is suing for various copyright violations (Doc. 52), but he has admitted that any artwork he alleges Defendants infringed was sold to Defendants and they have the right to display, sell, and promote that artwork. (Doc. 56-2, p. 4.) He also admits that

all sales of his artwork by BTI were authorized by him and that Defendants did not reproduce any artwork he alleges they copyrighted. (*Id.* at 5–6.) With these admissions, Dawson does not have a copyright infringement claim because he cannot show Defendants copied protected elements of his copyright. (*See* Doc. 56-2); *see Peter Leterese*, 533 F.3d at 1300. Without a cause of action, the Court cannot exercise specific jurisdiction over Defendants through Florida's long-arm statute and need not engage in the second step of assessing personal jurisdiction under the Fourteenth Amendment. *See Madara*, 916 F.2d at 1514. Dawson's admissions, a "mere technicality" as he puts it, turned out to be his Achilles' heel. (Doc. 59, p. 8.) Defendants' Motion is granted.

**IV.   CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Bruce Teleky, Inc. and Bruce Teleky's Motion to Dismiss Amended Complaint (Doc. 56) is **GRANTED**.

2. Plaintiff Arthur Dawson's First Amended Complaint and Demand for Jury Trial (Doc. 52) is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is **DIRECTED** to terminate all pending motions and deadlines and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 18, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record